**Abatement Order filed September 18, 2018**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-17-00878-CR**
**NO. 14-17-00879-CR**

_____

**KRISTI RHODES DELAGARZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Cause Nos. MD-0365736 and MD-0365735**

---

**ABATEMENT ORDER**

Appellant's appointed counsel, James M. Bennett, filed a brief on March 30, 2018, raising a single issue related to appellant's conviction in trial court cause number **MD-0365736** (appeal number 14-17-00848-CR) for driving while intoxicated. Bennett did not raise a separate issue challenging appellant's conviction in trial court cause number **MD-0365735** (appeal number 14-17-00849-CR) for possession of less than 28 grams of a controlled substance in Penalty Group 3. Counsel's failure to raise any issues addressing the evading arrest or detention with

previous conviction without following the procedures of *Anders v. California*, 386 U.S. 738, 742–44 (1967), deprives appellant of effective assistance of counsel.

On July 24, 2018, we ordered Bennett to file an amended brief in compliance with the appellate rules and the *Anders* procedure in this court by August 23, 2018. We notified the parties on August 28, 2018, that no brief had been filed. No response has been received.

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of County Court at Law No. 2 shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute her appeals; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeals or whether appellant has failed to make necessary arrangements for filing an amended brief that complies with *Anders*; (d) the reason for the failure to file an amended brief; (e) if appellant desires to continue the appeals, a date certain when appellant's amended brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **October 18, 2018.**

The appeals are abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also

consider an appropriate motion to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38. REQUISITES OF BRIEFS

## Tex. R. App. P. 38.8. Failure of Appellant to File Brief.

(b) *Criminal Cases*.

(1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.